MANSFIELD, Circuit Judge
(concurring):
I concur in Judge Kearse’s thorough and carefully considered opinion. At the same time I cannot refrain from expressing concern at the unfortunate result compelled by the language of the relevant provisions of the Bankruptcy Code. The effect in many instances will be to stultify and render useless criminal restitution payments as a means of punishing persons convicted of felonies involving theft or fraudulent procurement of money or property, in this case wrongfully obtaining $9,932.95 in Public Assistance benefits. The convicted criminal will simply use bankruptcy to escape the obligation to make criminal restitution payments ordered by the court. The court will accordingly be forced to impose punishment in the form of a “fine, penalty or forfeiture payable to and for the benefit of a governmental unit” in order to render the obligation non-dischargeable under 11 U.S.C. § 523(a)(7). I see no valid reason for requiring the recipient of criminal restitution payments as a creditor to file objections under 11 U.S.C. § 523(c) to the convicted criminal’s being discharged from the obligation to make criminal restitution payments ordered by the court when he or she *42 is not required to do so in order to prevent discharge of the criminal’s obligation to pay a fine, penalty or forfeiture.
For these reasons I hope that Congress will remedy this unfortunate loophole by amending 11 U.S.C. § 523(a)(7) to make criminal restitution payments non-dis-chargeable in bankruptcy.